## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE BREAK I, INC., d/b/a THE BREAK** )<br>**RESTAURANT & BILLIARDS, INC., and** )<br>**AMANDA BEASLEY,** )<br>)<br>**Defendants.** ) | Case No. 2:18-CV-01197-KOB |

## ORDER

This matter comes before the court on "Plaintiff's Motion for Default Judgment Against Defendant Amanda Beasley." (Doc. 15). Evanston Insurance Company filed this default judgment lawsuit against The Break I, Inc., d/b/a The Break Restaurant & Billiards, Inc., its insured, and Amanda Beasley, the plaintiff in an underlying action, on July 31, 2018. (Doc. 1). On August 1, 2015, Ms. Beasley was shot outside The Break in Birmingham, Alabama. Ms. Beasley sued The Break in the Circuit Court of Jefferson County, Alabama, on July 6, 2017. The Break failed to inform Evanston, its insurer, of the pending lawsuit until June 29, 2018, when the parties were scheduled to mediate the underlying suit. At that time, The Break requested that Evanston defend it against Ms. Beasley's lawsuit and provide coverage for any damages she might obtain.

In this declaratory judgment lawsuit, Evanston raises three arguments why it owes no duty to defend or indemnify The Break: (1) The Break breached the notice conditions of the insurance policy; (2) Ms. Beasley's injuries arose out of assaults or batteries, which are excluded

1

from policy coverage; and (3) to the extent Ms. Beasley seeks punitive damages, the policy excludes such damages.

After several failed attempts at service, Ms. Beasley was finally served on November 30, 2018. While Ms. Beasley was not home, the process server served Cynthia Beasley,[1] Ms. Beasley's sister who is a person of suitable age and discretion, at Ms. Beasley and Cynthia Beasley's shared residence. (Doc. 11).

Ms. Beasley failed to appear, either personally or through an attorney, in this case. On January 8, 2019, the Clerk of Court entered a default against Ms. Beasley. (Doc. 14). On January 9, 2019, Evanston moved for default judgment against Ms. Beasley. (Doc. 15). Ms. Beasley did not appear or reply to the motion for default judgment. Evanston also moved for a judgment on the pleadings against The Break, (doc. 17), which this court granted on July 9, 2019.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff may move the court for a default judgment when a default has been entered against the defendant. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). But "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Const. Co.*, 515 F.2d at 1206.[2] So "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.*

---

[1] The court will only use "Ms. Beasley" to refer to Amanda Beasley to avoid confusion with Cynthia Beasley.
[2] Fifth Circuit decisions as of September 30, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

After carefully considered the properly entered default, the averments in Evanston's complaint, and its Memorandum Opinion and Order granting Evanston's motion for judgment on the pleadings against The Break, the court enters a default judgment against Ms. Beasley pursuant to Federal Rule of Civil Procedure 55(b)(2).

For the reasons discussed above, the court GRANTS Evanston's motion for default judgment against Ms. Beasley, (doc. 15), and ENTERS JUDGMENT in favor of Evanston against Ms. Beasley. Because the court has now entered judgment against both Defendants, the court DIRECTS the Clerk of Court to close this case.

Costs are taxed as paid.

**DONE** and **ORDERED** this 9th day of July, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE